UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS R. DEVONA, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 13-cv-10952-IT |
| | * |
| STEVEN M. ZEITELS, | * |
| | * |
| Defendant. | * |

MEMORANDUM AND ORDER

October 27, 2014

TALWANI, D.J.

I.   Introduction

In this case, Plaintiff Dennis R. DeVona claims that he entered into an oral partnership agreement with Defendant Steven M. Zeitels to design and manufacture surgical tools. Before the court is Zeitels' motion for summary judgment on the ground that a later written agreement controls the parties' contractual relationship and the parol-evidence rule bars DeVona from introducing evidence of the alleged oral agreement. See Def.'s Mot. Summ. J. Pl.'s Partnership Claims [#51] [hereinafter Def.'s Mot. Summ. J.]; Mem. Supp. Def.'s Mot. Summ. J. Pl.'s Partnership Claims, 10 [#52] [hereinafter Def.'s Mem.].[1] Because the alleged oral agreement and the later written contract are between distinct parties, Zeitels' motion is DENIED.

---

[1] In his moving papers, Zeitels argues in the alternative that DeVona cannot marshal evidence proving the existence of any oral agreement. The court informed the parties at oral argument that the fact that discovery is ongoing in this case made any argument for summary judgment on this alternative ground premature. Defendant's alternative argument in support of summary judgment is DENIED without prejudice to refiling at the close of discovery.

II.  Background

    *A.  DeVona's Allegations of an Oral Partnership Agreement*

In this action, DeVona contends that in 1997 he and Zeitels formed a partnership to design and market glottiscopes, a surgical instrument used in laryngeal surgery. Compl. ¶ 21. The men allegedly entered into an oral agreement providing that DeVona would recieve 40% and Zeitels would 60% of the partnership profits. Id.[2]

    *B.  The Endocraft Sales Agreement*

On April 21, 1999, Zeitels incorporated Endocraft, LLC ("Endocraft"), a Rhode Island limited liability company, and named himself as Endocraft's sole member. Def.'s Statement Undisputed Material Facts Supp. Def.'s Mot. Summ. J. ¶ 3 [#53] [hereinafter Def.'s Facts]; Pl.'s Am. Resp. Statement Undisputed Material Supp. Def.'s Mot. Summ. J. ¶ 3 [#69] [hereinafter Pl.'s Facts].

DeVona signed an Independent Sales Representative Agreement (the "Sales Agreement") with Endocraft. See Def.'s Facts ¶ 4; Pl.'s Facts ¶¶ 5-6; Independent Sales Representative Agreement [#17-3] [hereinafter Sales Agreement]. The Sales Agreement stated that "[n]othing contained in this Agreement shall be construed to constitute [DeVona] as a partner, employee, or agent of [Endocraft] . . . [DeVona] shall be an independent contractor at will." Sales Agreement ¶ 12. The Sales Agreement also included an integration clause, which stated that "[t]his agreement contains the entire understanding of the parties; there are no other agreements or representations not set forth herein." Id. ¶ 13.

---

[2] DeVona's complaint also sets forth a cause of action for Correction of Inventorship, 35 U.S.C. § 256, based on his assertion that he is a co-inventor of a glottiscope design patented by Zeitels in 2005. Compl. ¶¶ 54, 81. The current motion for summary judgment does not concern this claim.

III.     Discussion

Under Rhode Island law, the parol-evidence rule "prohibits introduction of extrinsic evidence to change, vary, or alter the written terms of an agreement, unless the evidence is offered to show fraud, mistake, or a condition precedent." Lisi v. Marra, 424 A.2d 1052, 1055 (R.I. 1981). "The basis of the rule is that a complete written agreement merges and integrates all the pertinent negotiations made prior to or at the time of execution of the contract." Fram Corp. v. Davis, 401 A.2d 1269, 1272 (R.I. 1979). Accordingly, "when parties to a contract have adopted a written agreement as the final expression of their intention . . . all other expressions of intention that have occurred prior to or contemporaneous with the making of the agreement are immaterial in ascertaining the terms of the transaction." Id.

The parties do not dispute that the Sales Agreement is an integrated and unambiguous expression of the contractual relationship between DeVona and Endocraft. They disagree as to whether the parol-evidence rule bars evidence of the alleged oral agreement, however, given that the alleged oral agreement was between DeVona and Zeitels while the Sales Agreement is between DeVona and Endocraft. See Pl.'s Opp'n Def.'s Mot. Summ. J. Pl.'s Partnership Claims, 13-14 [#68] [hereinafter, Pl.'s Opp'n]. In support of his motion for summary judgment, Zeitels argues that: (1) a nominal distinction in the identity of contracting parties does not preclude application of the parol-evidence rule where the different parties are an individual and a corporation owned by that individual, and (2) DeVona has admitted in his Complaint that Endocraft was intended to replace any prior partnership existing between DeVona and Zeitels. See Reply Br. Supp. Def.'s Mot. Summ. J. Pl.'s Partnership Claims, 2-6 [#72].

A. *Requirement of Common Identity of Parties*

Zeitels argues that this case is controlled by Filippi v. Filippi, 818 A.2d 608 (R.I. 2003). In Filippi, a partnership contracted with a real-estate corporation to sell a plot of land; this agreement was formalized in a written purchase and sales agreement. Id. at 613, 619-20. The Filippi plaintiffs, who owned the partnership, alleged that they had formed a prior oral agreement with their father, who controlled the real-estate corporation, with terms of sale that contradicted those of the purchase and sales agreement. Id. at 619-20. According to the Filippi plaintiffs, this oral agreement was entered into in their individual capacities, not on behalf of the partnership. See id. Because the oral agreement and the subsequent written contract were between distinct parties, the Filippi plaintiffs argued that the parol-evidence rule had no application to the case and the court could properly consider the oral agreement in determining which parties held an interest in the property after the sale. Id. at 620.

Zeitels correctly notes that the court in Filippi rejected this argument and determined that the parol-evidence rule barred consideration of the oral agreement in that case. See id. at 620. The Filippi court's decision, however, was predicated on a factual finding that the oral contract was between the partnership and the real-estate corporation, not between the parties as individuals. See id. at 620-21 ("[A] finding that [the partnership and real-estate corporation] were not parties to the agreement is contrary to the evidence."). Accordingly, Filippi does not stand for the proposition that the parol-evidence rule bars evidence of an earlier oral agreement with a distinct party, but supports the narrower proposition that a court may permissibly look beyond a party's allegation that the oral agreement was between different parties to ascertain its truth. See id.

Unlike Filippi, the facts of this case support a finding that the alleged oral partnership and Sales Agreement were between different parties. Endocraft could not have been party to the alleged 1997 oral contract. In 1997, Endocraft did not exist. See Def.'s Facts ¶ 2. Moreover, the court has previously determined that Zeitels was not party to or an intended beneficiary of the 1999 Sales Agreement. See Mem. Decision at 6-7.

Because the introduction of evidence related to the existence of an oral partnership agreement is intended to clarify the contractual relationship between DeVona and *Zeitels*, not to dispute or alter the terms of DeVona's contractual relationship with *Endocraft*, the parol-evidence rule would not apply in this case. See Lisi, 424 A.2d at 1055 (stating that the parol-evidence rule "prohibits introduction of extrinsic evidence to change, vary, or alter the written terms of an agreement"); Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP, 583 F.3d 1232, 1238 (9th Cir. 2009) (finding the parol-evidence rule inapplicable where a party alleged breach of a "separate and independent oral contract" (emphasis omitted)).

### B. *Allegation in DeVona's Complaint.*

Zeitels further argues that DeVona has admitted in his complaint that Endocraft supplanted the alleged oral partnership and that, in consequence, the Sales Agreement necessarily integrates any earlier partnership agreement. Zeitels asserts that, given the parties' shared intent to replace their partnership with a new corporate form, any nominal distinction in the contracting parties is immaterial to the application of the parol-evidence rule in this case.

DeVona's complaint states that he and Zeitels "used a corporate form, Endocraft LLC, as the instrumentality of their common enterprise." Compl. ¶ 89. Zeitels argues that this assertion amounts to a judicial admission that Endocraft supplanted any earlier partnership and that the Sales Agreement constitutes the entirety of the parties' contractual relationship.

5

"A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." See Schott Motorcycle Supply, Inc. v. Am. Honda Motor Co., 976 F.2d 58, 61 (1st Cir. 1992) (citation and internal quotation marks omitted). For a judicial admission to be binding, however, it must be clear. Harrington v. City of Nashua, 610 F.3d 24, 31 (1st Cir. 2010). Where a party's suggested interpretation of an allegation is "not compelled by the language of the allegation," the court is not required to accept that interpretation as admitted. Id. Here, the statement that Endocraft was "the instrumentality" of DeVona and Zeitels "common enterprise," see Compl. ¶ 89, does not compel the conclusion that Endocraft supplanted the alleged oral partnership. Rather, the fact that Endocraft was "the instrumentality" of the parties' "common enterprise" may just as readily indicate that Endocraft was a tool employed by the partnership to achieve its goals. This interpretation comports with the rest of DeVona's complaint and subsequent pleadings. See, e.g., Compl. ¶ 45 (referring to "the DeVona-Zeitels Business, inclusive of Endocraft, LLC"); Pl.'s Facts ¶ 4 (stating that Endocraft was "an asset of the partnership"); id. ¶ 42 (asserting that Endocraft was "a 'vehicle' to provide DeVona with an income – based on product sales – until the larger DeVona-Zeitels Business became profitable").

Accordingly, the court finds that the allegation in DeVona's complaint is not a judicial admission of the fact that Endocraft was created to supplant the alleged partnership and integrate any former professional association between DeVona and Zeitels. See, e.g., Reilly v. City of Providence ex rel. Napolitano, No. 10-461 S, 2013 WL 1193352, *9 n.10 (D.R.I. Mar. 22, 2013) (holding that the meaning of an allegation was not sufficiently clear to render it a judicial admission); Adams v. Me. Mun. Ass'n, No 1:10-cv-00258-JAW, 2013 WL 9246553, *15 (D. Me. Feb. 14, 2013) (same).

IV.     Conclusion

For the foregoing reasons, Zeitels' Motion for Summary Judgment on Dennis R. DeVona's Partnership Claims [#51] is DENIED.

IT IS SO ORDERED.

October 27, 2014                                    /s/ Indira Talwani
                                                    United States District Judge

7