UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DENNIS R. DEVONA, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 13-cv-10952-IT |
| | * |
| STEVEN M. ZEITELS | * |
| | * |
| Defendant. | * |
| ************************************ | * |
| | * |
| STEVEN M. ZEITELS, M.D. and | * |
| ENDOCRAFT LLC, | * |
| | * |
| Counterclaim Plaintiffs, | * |
| | * |
| v. | * |
| | * |
| DENNIS R. DEVONA | * |
| | * |
| Counterclaim Defendant. | * |

MEMORANDUM & ORDER

August 23, 2016

TALWANI, D.J.

    I.    Introduction and Background

Plaintiff Dennis R. DeVona ("DeVona") claims that Defendant Steven M. Zeitels ("Zeitels") wrongfully dissolved a partnership with DeVona with respect to co-ownership and management of Endocraft, LLC ("Endocraft"), a surgical instrument design, development, and sales business. Complaint [#1], Count II (Rhode Island Uniform Partnership Act), Count III (breach of fiduciary duty) and Count IV (breach of contract). Before the court is the Motion by Defendant Steven M. Zeitels, M.D. for Summary Judgment as to Partnership Issues [#171].

Zeitels contends that he is entitled to summary judgment on these three counts on the ground that there are no facts sufficient to support DeVona's claim that a partnership ever existed.[1] Additionally before the court is Zeitels' Motion to Strike [#184] certain evidence DeVona attaches to his opposition. As set forth below, the court finds that the challenged evidence should not be stricken and that there is a genuine dispute of material fact as to whether DeVona and Zeitels formed a partnership. Accordingly, the motion for summary judgment and the motion to strike are DENIED.

   III.   Discussion

       *1.   Summary Judgment Standard*

A movant is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of fact exists if an issue can be resolved in favor of either party. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). A fact is material if it has the potential to affect the outcome of the case. Id. In reviewing a motion for summary judgment, the court takes all properly supported evidence in the light most favorable to the nonmovant and draws all reasonable inferences in his favor. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). The moving party bears the burden of showing an "absence of evidence to support the nonmoving party's case." Celotex Corp. v. Cattret, 477 U.S. 317, 325 (1986). Where that burden is met, the nonmoving party "must adduce specific facts showing that a trier of fact reasonably could find in

---

[1] Zeitels also seeks summary judgment as to Count V (unjust enrichment), on the ground that DeVona is precluded from asserting both that a partnership agreement governs his relationship with Zeitels and that he has an unjust enrichment claim. The motion is denied as to this ground because a party "may be allowed to maintain alternative contentions at least until the evidence is closed." Aetna Cas. Sur. Co. v. P & B Autobody, 43 F.3d 1546, 1555 (1st Cir. 1994).

his favor." Murray v. Warrren Pumps, LLC, 821 F.3d 77, 83 (1st Cir. 2016) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)).[2]

### 2. Rhode Island Partnership Law

Under Rhode Island law, "[a] partnership is an association of two (2) or more persons to carry on as co-owners [of] a business for profit." R.I. Gen. Laws § 7-12-17. "Partnership," however, "is a notoriously imprecise term, whose definition is especially elusive in practice." Southex Exhibitions, Inc. v. R.I. Builders Ass'n, 279 F.3d 94, 100 (1st Cir. 2002) (applying Rhode Island law). A written document is not required to form a legal partnership. Loft v. Lapidus, 936 F.3d 633, 636 (1st Cir. 1991) (citation omitted). Instead, "a partnership contract may be implied based on acts and words evidencing intent." Id. at 637.

Where a partnership is sought to be proven through a particular partnership agreement, the question of whether a partnership exists is a question of law. Filippi v. Filippi, 818 A.2d 608, 618 (R.I. 2003) (citing Boston & Colo. Smelting Co. v. Smith, 13 R.I. 27, 34 (R.I. 1880)) (finding question of partnership matter of law where partnership was sought to be proven without evidence outside of the contract). However, where there is no express partnership contract, a party claiming the partnership's existence may rely on extrinsic evidence to show that the parties intended their business relationship to be a partnership, and the inquiry becomes a question of fact. Southex Exhibitions, Inc., 279 F.3d at 98; T.G. Plastics Trading Co. v. Toray Plastics

---

[2] Zeitels relies in large part on Southex Exhibitions, Inc. v. R.I. Builders Ass'n, 279 F.3d 94 (1st Cir. 2002). In Southex, the First Circuit affirmed a judgment that a partnership did not exist after finding that the record evidence indicating that no partner relationship existed could not be dismissed as insubstantial. But Southex concerned a no-partnership determination following trial, and the party seeking review thus had the burden to show that the fact-finder's determination, viewed in the light most favorable to the prevailing party, was not rationally supported by the record evidence. Here on summary judgment, in contrast, the court must determine whether there is sufficient evidence, either undisputed or as to which there is a material dispute, from which a jury could find in DeVona's favor.

(America), Inc., 958 F. Supp. 2d 315, 327 (D.R.I. 2013). Moreover, "the intent of the parties to a partnership agreement is the critical factor in determining when a partnership commences, and the parties' intent should be ascertained as a question of fact." 59A Am. Jur. 2d Partnership § 78 at 276. The court assesses the "totality of the circumstances" to determine whether the parties had such an intent. See Southex, 279 F.3d at 101. For example, courts have considered, *inter alia*, whether the parties shared in the profits of the business relationship, the parties' respective contributions to the business relationship, the parties' "rights in management," whether third parties understood the parties to be partners, and whether the parties filed a state or federal partnership tax return. See id. at 99-103; Acinapura v. Natalizia, No. PC 1999-2007, 2003 WL 22048717, at *5 (R.I. Super Ct. 2003). No one indicium of partnership is conclusive. Southex, 279 F.3d at 101.

      3.     *Analysis*

DeVona contends that he and Zeitels went into business together around 1997, and that that partnership continued even after Endocraft was created. Pl.'s Resp. Def.'s Statement Undisputed Fact ¶¶ 6, 10 [#178] ("Pl.'s Stmt."). Zeitels claims that DeVona was not his partner, and instead, beginning in 1999, was a contractor of Endocraft.

Zeitels sets forth several arguments as to why he and DeVona cannot be found to have formed a partnership. First, Zeitels argues that he and DeVona did not share in the profits of the business.

Profit-sharing is prima facie evidence of a partnership. R.I. Gen. Laws § 7-12-18; see also T.G. Plastics, 958 F. Supp. 2d at 328 (the party claiming partnership must actually share in the profits, not merely in a percentage of the sales). However, while profit-sharing is a "particularly probative indicium of partnership formation . . . it does not necessarily follow that evidence of

profit sharing compels a finding of partnership formation." Id. at 101. For example, evidence that one party received profits in the form of employee wages can rebut "the evidentiary presumption created by profit sharing." Id.; R.I. Gen. Laws § 7-12-18(4)(ii) ("The receipt by a person of a share of the profits of a business is prima facie evidence that he or she is a partner in business, but no such inference is drawn if profits were received in payment . . . As wages of an employee. . .").

In support of his motion, Zeitels points to the Independent Sales Representative Agreement between DeVona and Endocraft. Def.'s Statement Undisputed Fact ¶ 3 [#174] ("Def.'s Smt."). Zeitels contends that, under this agreement, DeVona shared in no profits with Zeitels and that the payments DeVona received from Endocraft were for DeVona's services as an independent contractor. Aff. Steven M. Zeitels ¶¶ 9-10, 20 [#173]; Ex. C (Independent Sales Representative Agreement) ¶ 6(a) [#173-3] (noting that DeVona is entitled to 40% of net sales in exchange for services rendered by DeVona).

DeVona responds that in 1997, Zeitels called DeVona to discuss the possibility of going into business together, he informed Zeitels that if they were to explore a surgical device design and sales business, it would need to be as partners, and Zeitels agreed. Decl. Dennis R. DeVona ¶¶ 1-2 [#179]. [3] DeVona contends further that he and Zeitels "agreed that they would split the

---

[3] Zeitels asserts that the "testimony or affidavit of one party claiming the litigation adversary agreed to form a partnership is not admissible and insufficient as a matter of law to create a partnership." Mem. Law Zeitels Supp. Summ. J. Count II 6 [#171]; see also Obj. & Mot. Strike Evid. 2 [#184] (moving to strike as inadmissible oral self-serving testimony #179, #180-1, #180-7, documents setting forth DeVona's testimony, statements, and affidavit claiming the existence of a partnership with Zeitels). The cases on which Zeitels relies do not extend so far and are distinguishable. In Lincoln v. Craig, the plaintiff, who had been hired by one defendant, sought to recover for services rendered not only from that defendant but also from a second defendant. There was evidence that the hiring defendant had claimed to the plaintiff that the second defendant was the hiring defendant's partner, but this evidence was not sufficient to establish the second defendant's liability to plaintiff, in the absence of evidence that the second defendant

5

costs of operating the business, and the profits arising out of the operation or sale of the business – 60% to Zeitels and 40% to [DeVona]." Id. ¶ 3.

DeVona also disputes that the Independent Sales Representative Agreement reflected the true status, or changed the status, of his partnership with Zeitels, and asserts instead that that agreement was only part of a liability-limiting corporate structure. See Pl.'s Stmt. ¶¶ 21, 22. This is a genuine dispute of material fact that cannot be resolved on summary judgment.[4]

Relatedly, Zeitels argues that DeVona has put forth no evidence that he shared in the losses. Indeed, Rhode Island law "normally presumes that partners share equally or at least proportionately" in partnership losses. Southex, 279 F.3d at 99 (citing R.I. Gen. Laws §§ 7-12-26(a), 29(1) & (2)). DeVona, in turn, proffers evidence that he signed on at one point as guarantor for Endocraft. Pl.'s Stmt. ¶ 24 (citing Decl. Ryan M. Gainor Ex. 8 [#181-8] (Request to Add/Substitute Owner/Authorized Officer)). Zeitels objects to this document—a 2009 request in which DeVona added himself as a guarantor of Endocraft—on the ground that the document is hearsay and is irrelevant as evidence of partnership. Obj. & Mot. Strike Evid. 3 [#184]. The

---

knew that the hiring defendant was holding him out as a partner and took no action or otherwise did something to give the plaintiff the right to suppose he was a partner. 18 A. 175, 175 (R.I. 1889). Here, in contrast, the claim is not one of a third party against an alleged partnership, but by one party to the alleged partnership claiming that he had a verbal agreement with the other. Princess Ring Co. v. Read, 192 A. 173 (R.I. 1937) is even less helpful to Zeitels. The court in that case did not reach the question of whether the testimony of the alleged partners was sufficient to show a partnership, nor did it rule that such testimony was inadmissible. Id. at 175. The court resolved the case on whether the transaction that was the subject of the lawsuit was within the scope of the alleged partnership's business. Id. at 175-76. Neither case supports the claim that "testimony or affidavit of one party claiming the litigation adversary agreed to form a partnership is not admissible," and neither suggests any evidentiary rule to preclude DeVona's testimony as to the statement by Zeitels, a party opponent.

[4] Even if DeVona did receive employee wages rather than profits, Zeitels cannot rely on the absence of profit-sharing alone to show that a partnership did not exist. See Southex, 279 F.3d at 101; Acinapura, 2003 WL 22048717, at *5. Profit sharing is but one factor; there must also be "competent evidence of other factors indicating the absence of an intent form a partnership." Southex, 279 F.3d at 101.

document is relevant because it can show that DeVona was personally sharing in the risks of the partnership. Zeitels' hearsay argument is similarly unavailing. The document is introduced as evidence that DeVona exposed himself to personal risk, not for the truth of the matters, such as that Zeitels was the "Owner" and DeVona was the "President" of Endocraft, asserted in the document. See Fed. R. Evid. 801(c)(2).

Next, Zeitels argues that DeVona made no monetary contributions. The parties' respective investments in and contributions to the business relationship are probative of the existence of a partnership. See Southex, 279 F.3d at 100; D'Agostino v. D'Agostino, No. PC/04-6804, 2007 R.I. Super. LEXIS 19, at *25 (R.I. Super. Ct. Jan. 26, 2007). On this point, too, there is factual dispute. DeVona concedes that Zeitels was to contribute "most of the start-up capital," but DeVona was also going to "contribute money, funds from [his] savings to live on," and that he did contribute to the joint bank account opened in May 1998. Decl. Dennis R. DeVona ¶¶ 3-4 [#179].

Though investment in the partnership is probative, the capital investment need not be equal, and a partnership can also be established through contributions of labor. See Fisher v. Fisher, 11 A.2d 622, 623 (R.I. 1940) (showing that a partnership existed where "[t]he complainant contributed to the partnership a great deal more money than the respondent did; but the latter was much more active in the business."); D'Agostino, 2007 R.I. Super. LEXIS, at *25 (citing Dreyfuss v. Dreyfuss, 701 So.2d 437, 439-40 (Fla. Dist. Ct. App. 1997) ("A partnership is only established when both parties contribute to the capital *or labor* of the business . . . .") (emphasis added)). DeVona claims that he and Zeitels agreed that DeVona would also contribute his "labor, . . . designs, . . . business experience and other helpful ideas." Decl. Dennis R. DeVona ¶ 3. He further claims that he "devoted thousands of unpaid hours into developing a new

laryngoscope with Zeitels and preparing it for sale . . . in furtherance of the partnership." Id. ¶ 5.

Zeitels further argues that he, and not DeVona, was able to make all business decisions for Endocraft and exercised full managerial control over the business. "[T]he extent to which the putative partners respectively exercised control over the entity's business operations" is another indicium of partnership formation. Southex, 279 F.3d at 101. The "default rule" is that partners "normally share 'equal rights in management.'" Id. at 99 (quoting R.I. Gen. Laws § 7-12-29(5)); cf. id. (finding no partnership where one party was responsible for the "lion's share" of the management decisions). Here too, there is a factual dispute. Endocraft's attorney, Norman G. Orodenker, testified that Zeitels directed Orodenker to identify DeVona on certain documents as Endocraft's "managing member" and that a managing member "had authority to run the company." Decl. Ryan M. Gainor Ex. 12 [#181-12] (Orodenker Deposition 90:5-7, 15-17, 91:9-11).[5] As additional support, DeVona offers evidence that he and Zeitels opened a joint bank account, using DeVona's business address, over which they "each had full authority" and for which they were both listed as "owners." Pl.'s Stmt. ¶ 14 [#178].[6] Considering all of these facts

---

[5] Zeitels objects Orodenker's testimony as irrelevant and inadmissible. Obj. & Mot. Strike Evid. 3-4 [#184]. Although no foundation was established sufficient for plaintiff to offer this testimony to demonstrate directly that DeVona was authorized to run Endocraft, the testimony can be admitted as evidence that Zeitels held DeVona out as having managerial control over the business and thus is indirect evidence of such authority.

[6] Zeitels argues that he set up the joint bank account only for convenience, to allow for easy reimbursement of expenses that DeVona incurred. Thus, he argues, DeVona had no ownership authority or ultimate control over the account, and so it has no probative value to the partnership inquiry. Mem. Law Zeitels Supp. Summ. J. Count II 8 n.2 [#171]. He correctly notes that joint bank accounts can be established for convenience only, see Mitchell v. Mitchell, 756 A.2d 179, 182 (R.I. 2000), and that a person whose name was added to a joint account for convenience only may be found not to have an ownership interest in that account. See Bielecki v. Boissel, 715 A.2d 571, 574-75 (R.I. 1998). However, as a general matter, there is a "presumption"—albeit rebuttable—of "an intent to make a gift of a joint interest" from the "existence of a joint bank account." Mitchell, 756 A.2d at 182. Zeitels' arguments show only a dispute of fact, given that DeVona testified that he and Zeitels opened the bank account in furtherance of their partnership. Pl.'s Stmt. ¶ 14 [#178].

in the light most favorable to DeVona, there is a dispute about whether Zeitels had full control over decision-making in his business relationship with DeVona.

Zeitels then argues that DeVona never asserted partnership rights, when an actual partner would have done so. Mem. Law Zeitels Supp. Summ. J. Count II 5 [#171]. DeVona, however, propounds an email that he sent to Zeitels and others, in which he did indeed assert the rights of partnership in winding down Endocraft. See Decl. Ryan M. Gainor Ex. 13 [#181-13] (DeVona arguing that he is entitled to 40% of the business).[7]

Zeitels argues further that no partnership existed because "the alleged partnership entity did no business and conducted no transactions in its own name." Mem. Law Zeitels Supp. Summ. J. Count II 6 [#172]. Indeed, DeVona and Zeitels did not conduct business under a partnership name. DeVona, however, brings forth some limited evidence that he and Zeitels transacted with third parties as partners, both before and after the formation of Endocraft. For example, DeVona has offered the declaration of Steve Fusco, an acquaintance of both DeVona and Zeitels, who states that he created the Endocraft website "after DeVona and Zeitels requested that [he] do so." Decl. Steve Fusco ¶ 6 [#180].[8] DeVona has also offered a fax between

---

Zeitels also objects to two bank records listing DeVona and Zeitels jointly on the account. See Obj. & Mot. Strike Evid. 4 [#184] (moving to strike #181-16, #181-17). Zeitels argues that this documentary evidence is inadmissible as irrelevant, as the court cannot infer a partnership or joint ownership only from a joint bank account. As noted, a joint bank account may not be conclusive of joint ownership of the bank account or a partnership, but it is probative of it. Zeitels' objection goes to the weight of the evidence, not its admissibility. Zeitels also describes the documents as "hearsay," but they appear to be admissible as business records.

[7] Zeitels objects to this November 14, 2011 email from DeVona on the ground a "party's self-serving email statement made in anticipation of litigation is hearsay and is not binding on the litigation adversary." Obj. & Mot. Strike Evid. 4 [#184]. DeVona introduces the email as one piece of evidence as to refute Zeitels' argument that DeVona never sought to assert partnership rights or object to Zeitels' decision to close down Endocraft. The document is relevant for that reason. The email is not hearsay to the extent that it is introduced only to show that in 2011 he attempted to assert partnership rights and objected to the decision to close Endocraft.

[8] Fusco declares further that "through [his] personal interactions with DeVona and Zeitels," he

two third parties, in which one of them refers to a meeting with "Dr. Zeitels & his partner." Decl. Ryan M. Gainor Ex. 19 [#181-19].[9] It is "generally well-recognized that business relationships are often assessed based on how the respective parties thereto have objectively held themselves out to the public." Acinapura, 2003 WL 22048717, at *7. DeVona has, at the very least, brought forth facts sufficient to show a dispute of fact as to whether DeVona and Zeitels held themselves out as partners.

DeVona concedes that neither he nor Zeitels ever filed a partnership tax return. While filing a partnership tax return is probative of partnership formation, it is not dispositive and does not supplant the "totality-of-the-circumstances" test. See Southex, 279 F.3d at 100-01 (factors such as whether "the entity filed partnership tax returns . . . constitute necessary guidepoints of inquiry [but] none is conclusive" (internal quotation marks and citations omitted).

Zeitels has met his burden of making a colorable showing that there is an "absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. In response, DeVona

---

understood that DeVona and Zeitels "were partners in the surgical instrument and design business." Decl. of Steve Fusco ¶ 8 [#180]. Zeitels objects to Fusco testifying as to his understanding that DeVona and Zeitels were partners on the ground of relevance and hearsay, and argues that a third party's understanding of the relationship between Zeitels and DeVona is not probative. Although the fact-finder, and not a third party, will need to determine the ultimate issue of whether there was a partnership, testimony relating personal observations of Zeitels' and DeVona's interactions by an individual who performed a services for them with the understanding that they were partners appears to be relevant and admissible.

[9] Zeitels objects to this document—a fax from one third party to another third party referring to a meeting between "Dr. Zeitels & his partner"—as hearsay and irrelevant. Obj. & Mot. Strike Evid. 4-5 [#184]. The court does not sustain either objection. Zeitels argues that the evidence is not probative as to whether Zeitels and DeVona were partners because the fax does not show the context surrounding the use of the word "partner." The use of the word partner perhaps may "do[] little to establish that a legal partnership existed," see T.G. Plastics, 958 F. Supp. 2d at 328, but such argument goes to the weight of the evidence, not its admissibility. The hearsay argument is meritless. The fax cover sheet is introduced to show that a third party understood DeVona and Zeitels to be partners, see Pl.'s Stmt. ¶ 15 [#178], not for the truth of the matter asserted in the third party's statement.

was required to adduce specific facts showing that a trier of fact reasonably could find in his favor. Murray, 821 F.3d at 83. Although the proffered evidence of a partnership may be thin, under the "totality of the circumstances" test, taking DeVona's proffered facts "in the light most favorable to" DeVona, Griggs-Ryan, 904 F.2d at 115, DeVona has brought forth facts showing that a jury could find in his favor.

V.    Conclusion

For the foregoing reasons, Zeitels' Motion for Summary Judgment [#171] is DENIED, and his Objection and Motion to Strike Evidence [#184] is DENIED.

IT IS SO ORDERED.

August 23, 2016                                                     /s/ Indira Talwani
                                                                         United States District Judge